IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

09 MAR 13 PM 3: 13

LAURA A. BRIGGS
CLERK

JEFFREY M. CLARK, PATRICK FIELDS, )
VINCENT HUDSON, and DWAYNE )
PETTIS, on their own behalves and on )
behalf of those similarly situated, )
                      )
         Plaintiffs, )
                      )
    vs. )
                      )
EDWIN G. BUSS, in his official capacity as )
Commissioner of the Indiana Department of )
Correction, )
                      )
         Defendant. )

**1 : 09 -cv- 0 3 0 8 DFH -DML**

Case No.

## CLASS ACTION COMPLAINT
## FOR INJUNCTIVE AND DECLARATORY RELIEF

**Introduction**

1.     The defendant requires that inmates convicted of certain sex offenses must

participate in the Indiana Sex Offender Management and Monitoring (SOMM)

Program, a part of which requires the inmates to discuss their past sex offenses,

even those they are appealing, those for which charges were dropped, and those

for which there were never any charges brought.  The defendant offers no type of

immunity from future prosecution for inmates discussing such acts and, in fact,

requires that inmates acknowledge that law enforcement, among others, may be

notified of such acts.  Inmates who refuse to incriminate themselves in this

manner lose the possibility of earning any future credit time against their

sentences of imprisonment and are at risk of losing credit time already earned.

The defendant thus violates the plaintiffs' and the putative class' Fifth

1

Amendment rights not to incriminate themselves, in violation of the United States Constitution.

**Jurisdiction, Venue, and Cause of Action**

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 inasmuch as it arises under the Constitution of the United States.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

5.      Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.      Vincent Hudson is an adult inmate at New Castle Correctional Facility, located in Henry County, Indiana.

7.      Dwayne Pettis is an adult inmate at New Castle Correctional Facility, located in Henry County, Indiana.

8.      Patrick Fields is an adult inmate at New Castle Correctional Facility, located in Henry County, Indiana.

9.      Jeffrey M. Clark is an adult inmate at Plainfield Correctional Facility, located in Hendricks County, Indiana.

10.     Edwin G. Buss is the duly appointed Commissioner of the Indiana Department of Correction.  He is sued in his official capacity.

**Class Action Allegations**

11.     This action is brought by the plaintiffs on their own behalf and on behalf of a

class of those similarly situated, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of

Civil Procedure.

12.     The class is defined as:

> All incarcerated prisoners committed to the Indiana Department of
> Correction who have been, or will be, required to fully participate in the
> Indiana Sex Offender Management and Monitoring (SOMM) Program by
> discussing their alleged sex crimes and/or sexual history.

13.     The requirements of Rule 23(a) are met with regard to the putative class.

Specifically:

    a.     The class is so numerous that joinder of all members is impracticable.  The
exact number is unknown, but it is believed that each year hundreds of
incarcerated individuals committed to the DOC are required to participate
in SOMM by discussing past alleged sex crimes and/or sexual histories for
which they could be prosecuted.

    b.     There are questions of law and fact common to the class, specifically
whether the defendant violates the Fifth Amendment to the United States
Constitution by requiring class members to discuss past alleged sex crimes
and/or sexual histories for which they could be prosecuted.

    c.     The claims of the representative parties are typical of those of the class.

    d.     The representative parties will fairly and adequately represent the class.

14.     The further requirements of Rule 23(b)(2) are met in this cause in that at all times

the defendant has acted, and has refused to act, on grounds generally applicable to

the class, thereby making appropriate final injunctive relief and corresponding

declaratory relief with respect to the class as a whole.

**General Factual Allegations**

Placement of Prisoners at DOC facilities

15.     Prisoners who are committed to the Indiana Department of Correction may be

placed in, among other places, an array of state institutions.

16.     These state institutions, such as Plainfield Correctional Facility, are owned,

managed and operated by the State of Indiana, with the exception of the New

Castle Correctional Facility which is operated and managed by the GEO

Corporation, a private, for-profit, company.

Indiana Sex Offender Management and Monitoring (SOMM) Program

17.     The defendant has contracted with the private company Liberty Behavior Health

Corporation to provide a three phase program, the Indiana Sex Offender

Management and Monitoring (hereinafter, "SOMM") Program, for the monitoring

and management of "target" sex offenders within the Indiana Department of

Correction.

18.     "Target" sex offenders are those individuals convicted of any of the following:

- Ind. Code 35-41-2-4, Aiding, Inducing or Causing another person to
commit an offense (with a secondary sex offense)
- Ind. Code 35-41-5-1, Attempting to Commit a crime (with a secondary sex
offense)
- Ind. Code 35-41-5-2, Conspiracy to Commit a felony (with a secondary
sex offense)
- Ind. Code 35-42-4-1, Rape
- Ind. Code 35-42-4-2, Criminal Deviate Conduct
- Ind. Code 35-42-4-3, Child Molestation
- Ind. Code 35-42-4-4(b), Child Exploitation
- Ind. Code 35-42-4-5, Vicarious Sexual Gratification
- Ind. Code 35-42-4-6, Child Solicitation
- Ind. Code 35-42-4-7, Child Seduction
- Ind. Code 35-42-4-8, Sexual Battery
- Ind. Code 35-42-4-9, Sexual Misconduct with a Minor
- Ind. Code 35-45-4-1, Public Indecency

4

- Ind. Code 35-45-4-4, Promoting Prostitution with a Minor
- Ind. Code 35-45-4-5, Voyeurism
- Ind. Code 35-46-1-3, Incest.

19. In Phase I of the SOMM program, "target offenders" receive a psychosexual needs assessment, including an assessment of their risk level, and a brief orientation about the SOMM program.

20. In Phase I, target offenders are required to sign a form consenting to assessment and participation in the SOMM program or else be charged with a DOC Code 116 disciplinary violation for refusal to participate in a mandatory program. See "Sex Offender Management and Monitoring Program Participation Notification," Exhibit A, attached hereto and incorporated herein.

21. At Phase I, target offenders are also required to sign a SOMM Program "Informed Consent to Participate in Sex Offender Treatment," Exhibit B, attached hereto and incorporated herein.

22. The SOMM "informed consent" form states that completion of the form is "voluntary," but also notes that the offender will not be permitted to participate in Phase II of the SOMM program unless the form is completed, and failure to participate in the SOMM program will result in a charge of a DOC Code 116 disciplinary violation. Id.; Ex. A. Thus participation in Phase II of the SOMM program is mandatory. Id.

23. Phase II of the SOMM program provides "psychoeducation" to incarcerated target offenders and includes a risk-based treatment program under which offenders are required to participate in the program for a specific number of hours, based upon their risk level.

24.    The SOMM "informed consent" form requires that the offender acknowledge that

he/she "will be required to discuss and take responsibility for past acts of sexual

violence and abuse" that he/she has committed, and that he/she "may be required

to participate in a polygraph examination relating to [his/her] index offense and/or

sexual history." Ex. B.

25.    The SOMM "informed consent" form also requires that the offender acknowledge

that he/she understands "that INSOMM treatment providers are required by law to

report the names of any identifiable child or disabled adult victims that [he/she]

may disclose during the course of [his/her] treatment." Id.

26.    The SOMM "informed consent" form requires that the offender acknowledge the

"Limits of Confidentiality," such as the fact that, "when necessary, INSOMM

Program treatment providers and staff may share information with each other,"

and with other specified entities, including the Indiana Department of Correction,

verbally and in writing, about the offender's "treatment and supervision needs."

Id.

27.    The SOMM "informed consent" form requires that the offender acknowledge

"that the Department of Correction and the INSOMM Program may provide

information about [the offender] without [his/her] permission to the Indiana

Parole Board and appropriate Probation Department for supervision purposes,"

citing 201 IAC 1-6-6.  Id.

28.    201 IAC 1-6-6(c)(3) provides that release of an offender's records "to a person or

agency providing a lawful service on behalf of the department," shall be limited to

those documents related to the service performed, "shall include confidential and

6

restricted information," and "[s]uch access shall be limited to law enforcement

agencies performing a criminal investigation or agencies providing a lawful

service to the department or offender..."

29. At Phase II of the SOMM program, offenders are also required to sign a "Sex

Offender Treatment Participation Agreement," Exhibit C, attached hereto and

incorporated herein, under which the offender acknowledges that he/she is

"required to disclose information relevant to [his/her] offending behavior."

30. Phase III of the SOMM program is also mandatory, and involves post-release

supervision under which the offender is given "specialized, intensive community

treatment and polygraphs utilizing the containment approach with specialized

parole stipulations." See http://www.sexoffenderprograms.com/in_about.fm.

31. The "containment approach allows for and encourages communication among the

agencies involved in monitoring and managing sex offenders in the community,"

including law enforcement, the Department of Correction, and the Indiana Parole

Board. http://www.sexoffenderprograms.com/in_phasethree.cfm.

32. The SOMM "informed consent" form requires that offenders acknowledge that, in

Phase III, they will be required to attend and participate in sex offender treatment

in the community, and required to take a polygraph exam at least every six (6)

months. Ex. B.

"Credit Time"

33. Imprisoned persons are assigned to one of four possible "credit classes." Ind.

Code §35-50-6-4.

34. All inmates who are not "credit-restricted" felons are initially assigned to Credit Class I. Id.

35. Inmates assigned to Credit Class I earn one (1) day of credit time for each day the person is imprisoned, and this credit time is deducted from his/her fixed term of imprisonment to allow earlier release from imprisonment. Ind. Code §35-50-6-2; Ind. Code §35-50-6-3(a).

36. Inmates assigned to Credit Class II earn one (1) day of credit time for every two (2) days of imprisonment. Ind. Code §35-50-6-3(b).

37. Inmates assigned to Credit Class III earn no credit time. Ind. Code §35-50-6-3(c).

38. Credit restricted imprisoned felons are initially assigned to Credit Class IV under which they can earn only one (1) day of credit time for every six (6) days of imprisonment. Ind. Code §35-50-6-4; Ind. Code §35-50-6-3(d).

39. Credit time is based on the behavior of a prisoner, and receipt of credit time is conditional upon continued good behavior and may be revoked by the defendant.

40. A person not assigned to Credit Class IV may be reassigned to Class II or III if the person violates a rule of the Department of Correction or a rule of the penal facility in which he/she is imprisoned. Ind. Code §35-50-6-4(c).

41. A person assigned to Credit Class IV may be reassigned to Class III if the person violates a rule of the Department of Correction, a rule of the penal facility in which he/she is imprisoned, or a rule of a community transition program. Ind. Code §35-50-6-4(d).

42. In addition to credit time based on credit class, inmates in Credit Class I can also earn additional credit time for successfully obtaining one of several educational

diplomas and/or successfully completing one of several programs.  Ind. Code §35-50-6-3.3.

43.    Indiana law provides that incarcerated sex offenders may be deprived of earned credit time and may be reassigned to a lower credit class if they refuse to participate in a sex offender treatment program offered by defendant.  Ind. Code §35-50-6-5(a).

44.    Before an inmate may be deprived of earned credit time or reassigned to a lower credit class, the inmate must be granted a hearing, with a right to appeal, to determine guilt or innocence and, if guilty, the appropriate disciplinary action. Ind. Code §35-50-6-4(c)(d); Ind. Code §35-50-6-5(b); Ind. Code §35-50-6-5.5.

DOC Executive Directive 06-30

45.    The defendant has created an executive directive under which individuals convicted of a "target" sex offense are required to participate in all phases of SOMM.  See Executive Directive 06-30 (hereinafter, "ED 06-30"), attached hereto as Exhibit D; DOC Code 116 (providing that it is a DOC disciplinary code offense to, among other things, fail to comply with the criteria for participation in a DOC program).

46.    If a sex offender required to participate in SOMM refuses to discuss and "take responsibility for" the sex offense for which he is currently incarcerated (i.e., his "index offense"), even those which he is currently directly appealing or for which he is seeking post conviction relief (PCR), he will be charged with refusing to participate in a mandatory program under DOC Code 116.  Ex. C; Ex. D.

47.    If a sex offender required to participate in SOMM refuses to discuss his/her "sexual history," then he/she will be charged with refusing to participate in a mandatory program under DOC Code 116.  Ex. B; Ex. C.

48.    Offenders participating in the SOMM program are not offered or given any type of immunity from future prosecution for discussing sex offenses being appealed, or for which charges were dropped, or for which the offender had never been charged.

49.    If a sex offender is found guilty of violating Code 116, the offender shall be demoted to Credit Class III, and will be disqualified from earning any additional Earned Credit Time for completing educational/vocational or substance abuse programs until the offender agrees to participate and completes the SOMM program.  Ex. D.

50.    If a sex offender continues to refuse to participate in SOMM by discussing his/her index offense and/or sexual history five (5) months after the first finding of guilt of a Code 116 violation, he/she will be charged with a second Code 116 violation and, if found guilty, will be retained in Credit Class III and will also lose 180 days of earned credit time, if available.  Id.

**Factual Allegations Regarding Named Plaintiffs**

Vincent Hudson

51.    Mr. Vincent Hudson is an inmate at New Castle Correctional Facility, and he was convicted of a sex offense.

52.   Mr. Hudson pled "not guilty" to the sex offense of which he was convicted, and
      he currently has an action for Post Conviction Relief (PCR) pending as to that
      offense.

53.   Mr. Hudson's current date to be released from prison (i.e., "out date") is
      November 20, 2009 (not including earned credit time).

54.   Mr. Hudson is required to participate in the Indiana SOMM program, and began
      such participation in approximately January 2008.

55.   Prior to his participation in SOMM, Mr. Hudson was in credit class I and
      therefore earned one day of credit time for each day he was incarcerated.

56.   As part of the SOMM program, Mr. Hudson was required to admit to being guilty
      of the crime of which he was convicted, even though he pled "not guilty" to that
      crime and plans to file an action for PCR in the immediate future.

57.   While in the SOMM program, Mr. Hudson refused to admit to the crime he is
      appealing and, as a result, was charged with violating DOC Code 116.  See
      attached Exhibit A.

58.   Mr. Hudson was found guilty of that code violation and, as a result, his credit
      class was lowered from I to III.  See attached Exhibit F.

59.   In approximately June 2008, Mr. Hudson was again required to participate in
      SOMM classes, and again required to admit to committing the crime he is
      appealing.

60.   Mr. Hudson again refused to admit to the crime he is appealing and, as a result,
      was again charged with violating DOC Code 116.  See attached Exhibit G.

61.   Mr. Hudson filed a formal grievance on June 18, 2008, in which he grieved about the SOMM requirement that he admit to guilt of the crime for which he is incarcerated.  See attached Exhibit H.

62.   On June 27, 2008, Plainfield Correctional Facility personnel returned Mr. Hudson's grievance to him on the grounds that "[t]his Grievance concerns a Classification or Disciplinary Hearing action.  These types of actions are to be appealed through their own appeal process and not through the grievance process."  See attached Exhibit I.

63.   Mr. Hudson appealed the Code 116 violation charge all the way through the DOC disciplinary appeal process; his appeal of the violation charge was denied and, as a result, Mr. Hudson lost credit time already earned and he remained in credit class III.

64.   Therefore, Vincent Hudson has exhausted his administrative remedies with the defendant.

65.   In approximately November 2008, Mr. Hudson was transferred to New Castle Correctional Facility, where he is now located.

66.   On January 18, 2009, Mr. Hudson's disciplinary action ended and he was restored to credit class I.

67.   However, Mr. Hudson is required to participate in SOMM again in the future, and, as part of SOMM, admit to guilt of the crime he is appealing and discuss his entire sexual history, or else lose already-earned credit time and the possibility of earning future credit time.

68.   Mr. Hudson has not been offered immunity from use of any of his statements about past crimes and/or sexual history.

69.   Mr. Hudson believes that his Fifth Amendment right not to incriminate himself is violated by the SOMM requirements that he admit to guilt of a crime he is still appealing, and that he share his entire sexual history as part of the program.

70.   Mr. Hudson does not wish to admit to guilt of the crime he is appealing or discuss his sexual history as he fears self-incrimination.

71.   On September 3, 2009, Mr. Hudson filed a petition for a writ of habeas corpus alleging that the SOMM requirement to admit to guilt of a crime or else lose good time credit violates the Fifth Amendment, and seeking an order that his lost credit time hours be restored to him. *Hudson v. Knight*, 1:08-cv-01183-DFH-DML. That action is currently pending.

Dwayne Pettis

72.   Mr. Dwayne Pettis is an inmate at New Castle Correctional Facility, and he was convicted of a sex offense.

73.   As part of a plea agreement, Mr. Pettis pled guilty to two sex offenses, in exchange for another sex offense charge being dismissed.

74.   Mr. Pettis is in credit class I and is therefore earning one day of credit time for each day he is incarcerated.

75.   Mr. Pettis is required to participate in the Indiana SOMM program before he is released from prison. His current release date is May 4, 2011.

76.   Mr. Pettis has not yet begun participation in SOMM.

77.   Mr. Pettis does not want to participate in SOMM by discussing the actions alleged in the sex offense that was dismissed as part of his plea agreement, or his sexual history, for fear of self-incrimination.

78.   However, as part of the SOMM requirements, Mr. Pettis will be required to admit to guilt of the crime(s) for which he was charged in the probable cause affidavit, not just to crimes of which he was convicted.

79.   Mr. Pettis has also been informed by SOMM and DOC personnel that he must, as a SOMM requirement, discuss his sexual history in detail, even if that history could be used against him to charge him with additional sex offenses in the future.

80.   Mr. Pettis has not been offered immunity from use of any of his statements about past crimes or charges and/or sexual history.

81.   Mr. Pettis believes that his Fifth Amendment right not to incriminate himself is violated by the SOMM requirements that he admit to guilt of a crime for which charges were dismissed as part of a plea agreement, and that he share his entire sexual history as part of the program.

82.   On December 4, 2008, Mr. Pettis filed a formal grievance about the unconstitutionality of the SOMM requirements at New Castle Correctional Facility.  See attached Exhibit J.

83.   However, on December 8, 2008 New Castle Correctional Facility returned the grievance to Mr. Pettis on the ground that "[t]his grievance concerns an issue that cannot be resolved by the Department of Correction because the issue is beyond the authority of the Department.  This issue may be addressed to: the Indiana legislature."  See attached Exhibit K.

14

84.   On December 11, 2008 Mr. Pettis filed a grievance appeal.  See attached Exhibit L; however, he has had no response to that appeal.

85.   Under defendant's Offender Grievance Process, the defendant has twenty-two (22) working days from the date of receipt of the grievance appeal to submit a response to the appeal.  See DOC Offender Grievance Process, §XIV(C), "Appeals to Grievance Response," attached Exhibit K.

86.   The defendant's response to the grievance appeal is final and ends the offender's administrative remedies for the issues in that grievance.  Id.

87.   "Failure of [prison] staff to respond to a grievance and/or appeal in accordance with the established time limit or extension at any stage of the process shall entitle the offender to move to the next stage of the process."  Id.  Therefore, Dwayne Pettis has exhausted the defendant's grievance procedure.

Patrick Fields

88.   Mr. Patrick Fields is an inmate at New Castle Correctional Facility, and he was convicted of a sex offense.

89.   Mr. Fields pled "not guilty" to the crime for which he was convicted, and he is currently in the process of filing a petition for Post Conviction Relief (PCR) as to that crime.

90.   Mr. Fields is in credit class I and therefore earns one day of credit time for each day he is incarcerated.

91.   Mr. Fields is required to participate in the Indiana SOMM program, and began such participation in approximately July 2008.

92. As part of the SOMM program, Mr. Fields was required to admit to being guilty of the crime of which he was convicted, even though he pled "not guilty" to that crime and is engaging in an action for PCR.

93. Mr. Fields refused to admit to the crime he is appealing, and was then required to take a polygraph test at which he was questioned about the crime for which he is convicted.

94. Mr. Fields "failed" the polygraph test and, as a result, was put into the SOMM "resistance class."

95. Mr. Fields missed a "resistance" class meeting through no fault of his own, and was charged with violating DOC Code 116. See attached Exhibit M.

96. Mr. Fields appealed the finding that he had violated Code 116 and, on December 29, 2008, that code violation charge was dismissed and the credit time he lost was reinstated. See attached Exhibit N.

97. However, Mr. Fields is required to participate in SOMM in the future, and, as a mandatory part of SOMM, admit to guilt of the crime he is appealing and discuss his entire sexual history, or else risk losing past credit time and the possibility of future credit time.

98. Mr. Fields has not been offered immunity from use of any of his statements about past crimes and/or sexual history.

99. Mr. Fields believes that his Fifth Amendment right not to incriminate himself is violated by the SOMM requirements that he admit to guilt of a crime he is still appealing, and that he share his entire sexual history as part of the program; therefore, he does not wish to make any such statements.

100. On December 10, 2008, Mr. Fields filed a formal grievance challenging the constitutionality of the SOMM requirements at New Castle Correctional Facility. See attached Exhibit O.

101. On December 15, 2008, New Castle Correctional Facility personnel returned the grievance to Mr. Fields on the ground that "[t]his grievance concerns an issue that cannot be resolved by the Department of Correction because the issue is beyond the authority of the Department. This issue may be addressed to: the Indiana legislature." See attached Exhibit P.

102. Therefore, Patrick Fields has exhausted the defendant's grievance procedure.

<u>Jeffrey M. Clark</u>

103. Mr. Jeffrey M. Clark is an inmate at Plainfield Correctional Facility, and he was convicted of a sex offense.

104. Mr. Clark pled "not guilty" to the crime for which he was convicted, and he is currently in the process of filing a petition for Post Conviction Relief (PCR) relating to that conviction.

105. Mr. Clark is in credit class I and is therefore earning one day of credit time for each day he is incarcerated.

106. Mr. Clark is required to participate in the Indiana SOMM program. His current release date is April 2, 2012 (not including earned credit time).

107. Mr. Clark has not yet begun participation in SOMM.

108. Mr. Clark does not want to participate in SOMM by discussing the crime for which he is currently seeking PCR or his sexual history.

109.    Mr. Clark has been informed that he must admit to guilt of the crime(s) for which he was convicted and discuss his sexual history in detail, even if that history could be used against him to charge him with additional sex offenses in the future.

110.    Mr. Clark has not been offered immunity from use of any of his statements about past crimes and/or sexual history.

111.    Mr. Clark believes that his Fifth Amendment right not to incriminate himself is violated by the SOMM requirements that he admit to guilt of a crime he is still appealing, and that he share his entire sexual history as part of the program.

112.    On April 19, 2008, Mr. Clark filed a formal grievance about the unconstitutionality of the SOMM requirements at Plainfield Correctional Facility. See attached Exhibit Q.

113.    However, Plainfield Correctional Facility returned the grievance to Mr. Clark on the ground that "[t]his Grievance concerns a Classification or Disciplinary Hearing action.  These types of actions are to be appealed through their own appeal process and not through the grievance procedure."  See attached Exhibit R.

114.    Mr. Clark has not been written up for a disciplinary violation involving SOMM, nor has his credit class level been lowered; therefore, there are no administrative remedies available to him.

115.    Therefore, Jeffrey Clark has exhausted the defendant's grievance procedure.

**General allegations of Plaintiffs**

116.    The plaintiffs bring this class action lawsuit to seek prospective relief only, as described below, and not to seek retroactive relief such as restoration of credit time already taken.

117. The actions of the defendant are causing the named plaintiffs and the putative class members irreparable harm for which there is no adequate remedy at law.

118. At all times defendant has acted under color of state law.

**Legal Claim**

119. By requiring sex offenders to discuss their index sex offense(s) and entire sexual history in the SOMM Program or else suffer an increase in the length of incarnation, the defendant is violating the plaintiffs' and putative class' Fifth Amendment rights not to incriminate themselves. U.S. CONST. amend. V.

**Request for Relief**

WHEREFORE, plaintiffs request that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Certify this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with the class as specified above, and appoint the undersigned as class counsel pursuant to Rule 23(g).

3. Enter a declaratory judgment with prospective effect that the actions and inactions of the defendant described herein violate the Fifth Amendment to the United States Constitution.

4. Enjoin the defendant from requiring sex offenders to incriminate themselves, under threat of an increased length of incarceration, by discussing sex offenses they are appealing or for which they are seeking PCR, sex offenses for which all charges were previously dropped, and/or their sexual histories as part of the SOMM program.

5. Grant plaintiffs their reasonable attorney fees and costs pursuant to 42 U.S.C. §

1988 and other applicable law.

6.     Award all other proper relief.

Jacquelyn Bowie Suess

Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059, x225

Attorneys for Plaintiffs

20