

**INDIANA DEPARTMENT OF CORRECTION**
# OFFENDER GRIEVANCE PROGRAM
## FORMAL GRIEVANCE
State Form# 45471

For Official Use Only

Grievance Number: _____

| TO: EXECUTIVE ASSISTANT | FACILITY: IYC | DATE: 4-19-08 |
|---|---|---|

**FROM: (OFFENDER NAME & DOC NUMBER):** Jeffrey M. Clark  DOC #128725

**SIGNATURE OF OFFENDER:** /s/ Jeff M. Clark

**WORK ASSIGNMENT:** School/Business Services/Plus

**HOUSING ASSIGNMENT:** West M-2-L

## INFORMAL COMPLAINT

Please explain what steps you have taken in order to try to resolve this issue informally. Please indicate the staff person(s) with whom you have discussed this issue and any response(s) or actions(s) that were to resolve this issue.

**STAFF PERSON(S) CONTACTED:** Ms. Downs SOMM's Counselor

**STAFF PERSON WHO RESPONDED:** Ms. Downs

**DATE RESPONSE RECEIVED:** Feb 12, 2008

**STATE COMPLAINT PRESENTED TO STAFF AND THE RESPONSE RECEIVED:** (NOTE: A SINGLE ONE SIDED 8 1/2" X 11" SHEET OF PAPER MAY BE ATTACHED IF NECESSARY TO EXPLAIN YOUR GRIEVANCE.) On 2-7-08 I sent a request to Ms. Downs about my concerns that elements of the INSOMM program would violate my Constitutional Rights guaranteed by the U.S. Constitution since I went to trial and never plead guilty. Also it would expose me to a perjury charge. I brought these concerns up to her on 2-12-08 when she called me to her office. She absolutely refused to give me any answer in writing and never gave me an answer to my concerns. Between March 27 and April 3rd I placed another request with case law cites to show in fact I have protections from those harmful elements of the INSOMM's program. I never got a response, written or oral.

## FORMAL COMPLAINT

PROVIDE A BRIEF, CLEAR STATEMENT OF YOUR GRIEVANCE. INCLUDE ANY INFORMATION THAT WAS NOT INCLUDED IN YOUR INFORMAL COMPLAINT THAT MAY ASSIST STAFF IN RESPONDING TO YOUR GRIEVANCE. (Note: May be continued on same sheet as used to state your complaint.) My grievance is:

1. Executive Directive #06-30 is in violation of my 5th Amendment Rights. Ref: McKune v. Lile - 539 US 24, 122 S.Ct. 2017 (2002) - All nine Justices of the US Supreme Court agreed that extending the time of incarceration, and/or affecting the eligibility for good-time credits or parole, rose to level of compulsion and violated my 5th Amendment Rights.

2. Mandatory Confessions/disclosures violate my 5th, 14th Amendment Rights and expose me to a perjury charge. Since I went to trial I am protected against forced confessions/disclosure by Mayberry v. State - 605 N.E. 2d 244; Lexis 1970 (Ind App 1992) in reference to Walker v. State - 454 N.E. 2d 425, 429 (Ind App 1983) they state, "When one exercises their right to trial, they are pleading not guilty to the crime(s) charged. At trial, the defendant is clothed with the constitutionally protected right to maintain that they are innocent. Here, we are presented with a logical extension of the constitutional right to maintain innocence at trial - the right to maintain innocence after trial."

**STATE RELIEF THAT YOU ARE SEEKING** For IDOC to remove Code 116 which violates McKune v. Lile. To revise the treatment plan so it's no longer violates the constitutional rights and Federal Court rulings. The whole program including the contracts must adhere to all State and Federal laws. State laws do not overrule Federal Court decisions.

Your grievance has been received and will be processed in accordance with Policy 00-02-301

Exhibit R

1 of 2

Signature of Executive Assistant _____  Date _____

# Formal Complaints Continued

"Nowhere is it written that a defendant, upon conviction, must cry 'Uncle' and confess to the crime." According to Borden Kircher v. Hayes - 434 US 357, 54 L.Ed. 2d 604, 18 S.Ct. 663 (1978) - to punish a person for exercising a constitutional right is "a due process violation of the most basic sort." Forced confessions would also violate my 14th Amendment rights because it would in fact adversely effect my further appeal remedies. This would force me to forfiet any and all further appeals. Also I would be exposed to a perjury charge since I did testify under oath that I did not commit this crime. That is the very definition of perjury. By mandate, the INSOMM Counselor would have to inform the authorities of this uncharged crime for prosecution. By IDOC policy, IDOC cannot force offenders to break the law. Forced confessions/disclosures would do just that.

3. Being forced to take a polygraph to determine guilt or innocence, over-steps the scope of what IDOC and Liberty Behavioral Health Corp. are allowed to use the polygraph as a tool. At this point the polygraph becomes the sole judge at which point violates my 4th Amendment Right. I do not forfiet my protections at the jailhouse gate. Minnesota v. Murphy 465 US, at 426, 104 S.Ct. 1136. Also I have appeal remedies left and I continue to fight my case to prove my innocence. Again you cannot punish me for exercising my constitutional rights that I am guaranteed to protect me since I went to trial. Reference Mckune v. Lile - 539 US 24 122 S.Ct. 2017 (2002) and Borden Kircher v. Hayes - 434 US 357, 54 L.Ed 2d 604, 98 S.Ct. 663 (1978). Reasonable conditions may be imposed on offenders, but mind control is not one of them. Gilfillen v. State - 582 N.E. 2d 821; Lexis 254 (Ind App S.Ct. 1991).